**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO PANO CANO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) <br> _____) | CV F 04-6138 AWI <br> (CR F 02-5050 AWI) <br> <br> ORDER DENYING <br> PETITIONER'S MOTION FOR <br> HABEAS RELIEF <br> <br> (28 U.S.C. § 2255) |

**INTRODUCTION**

Petitioner Alejandro Pano Cano ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 168 months that was imposed by this court on May 6, 2003, following petitioner's entry of a plea of guilty to one count of conspiracy to distribute more than 500 grams of methamphetamine and aiding and abetting, in violation of 21 U.S.C. 846, 841 (a)(1), 18 U.S.C. 2 and one count of manufacture of more than 500 grams of methamphetamine, aiding and abetting, in violation of 21 U.S.C. 841(a)(1), 18 U.S.C. 2. Subsequent to his motion to vacate, correct or amend his sentence pursuant to section 2255, filed on August 20, 2004, Petitioner filed a motion to amend his petition on January 31, 2005. In consideration of

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

Petitioner's amended motion, this court should conclude that Petitioner's motion pursuant to section 2255 must be denied for the reasons that follow.

## FACTUAL AND PROCEDURAL HISTORY

In this multi-defendant drug manufacturing case, Petitioner was charged by superceding indictment to one count of conspiracy to manufacture and distribute methamphetamine, aiding and abetting in violation of 21 U.S.C. §§ 846 and 841(a)(1), 18 U.S.C. § 2, and one count of manufacturing methamphetamine, aiding and abetting in violation of 28 U.S.C. §§ 841(a)(1), 18 U.S.C. § 2.

Petitioner was charged by superceding indictment on June, 2002, with conspiracy to manufacture and distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2, and manufacture of 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. Petitioner was convicted by a plea of guilty on January 7, 2003, to both counts. As part of the factual basis for the plea, Petitioner admitted that at the scene of the illicit methamphetamine laboratory where he was arrested, the authorities found in excess of 500 grams of a substance containing methamphetamine. See CR-173, Transcripts of the Change of Plea at 13. The Probation Department prepared a Presentence Investigation Report ("PSR") which calculated a Base Offense Level of 38, and a criminal history category of I. PSR at 7, ¶¶ 19-23. Counsel presented no objections to the Probation Department's recommendations.

At Petitioner's sentencing hearing, on May 5, 2003, the court questioned Petitioner about his waiver of a hearing to determine whether or not he qualified for the Safety Valve, U.S.S.G. § 5C1.2. The court determined that the waiver was valid and adopted the PSR's recommendations, including a three-level downward adjustment for acceptance of responsibility. The court adopted the computations set forth in the PSR. The sentencing guideline range for a base offense level of 35 and criminal history category of I is 168 to 210 months custody. Petitioner was sentenced to

the bottom of the range.

Petitioner filed notice of appeal to the Ninth Circuit Court of Appeals on May 8, 2003. On March 18, 2004, the appellate court filed a judgment affirming Petitioner's conviction. No petition for writ of certiorari was filed. Petitioner's motion to correct, amend, or set aside his sentence pursuant to section 2255 was timely filed on August 20, 2004. Petitioner filed a motion to amend his motion under section 2255 on January 31, 2005, and lodged a proposed amended petition at that time.

**LEGAL STANDARD**

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, a district court must grant a hearing to determine the validity of a petition brought under that section, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9 t h Cir. 1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

**I. Motion to Amend Petition**

"The Federal Rules of Civil Procedure apply to motions to amend habeas corpus

3

1  motions." United States v. Duffus, 174 F.3d 333, 336 (9th Cir.).  Petitions pursuant to section
2  2255 may not be amended under the provisions of Rule 15(a) where the statute of limitations has
3  run.  Duffus, 174 F.3d 337.  Amendments to section 2255 under the Antiterrorism and Effective
4  Death Penalty Act ("AEDPA"), provide a one-year statute of limitations that begins to run at the
5  latest of: (1) the date the judgment of conviction becomes final; (2) the date on which a
6  government-created impediment to bringing a section 2255 action is removed; (3) the date on
7  which a right to bring the action was initially recognized by the Supreme Court, if the right has
8  been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the
9  date on which the facts supporting a claim could have been discovered through the exercise of
10 due diligence.  Section 2255(6).

11      For persons convicted in federal courts in this circuit, "the one-year limitations period for
12 a federal prisoner who does not file a petition for a writ of certiorari begins to run when the time
13 for filing the petition expires." U.S. v. Garcia, 210 F.3d 1058, 1060 (9 Cir. 2000).  The time for
14 filling a petition of certiorari is 90 days after entry of the court of appeals' judgment.  See Sup.Ct.
15 R. 13; Id. at 1059.  In this case, Petitioner's conviction became final as of the end of the 90-day
16 period following the date his conviction was affirmed by the court of appeal.  Petitioner's
17 conviction was affirmed on March 18, 2004, and consequently his conviction became final for
18 purposes of AEDPA on June 16, 2004.  The statue of limitations for purposes of the ADEPA
19 therefore would not have run until June 16, 2005, a date well after Petitioner's motion to amend.
20 Since Petitioner's motion to amend was filed well within the one-year time limit imposed by the
21 AEDPA, the motion to amend is granted.

22 **II.  Right to Determination of Facts Enhancing Sentence**

23      Petitioner alleges he was denied the right to a determination by a jury of the quantity of
24 methamphetamine that was attributed to him  beyond a reasonable doubt for purposes of
25 enhancement of his sentence in violation of the rule set forth in United States v. Booker, 543
26 U.S. 125 S.Ct. 738, 756 (2005).  In Booker, the Supreme Court applied the rule first announced

in Apprendi v. New Jersey, 530 U.S. 446, 490 (2000), and later applied to state sentencing guidelines in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), to the federal sentencing guidelines. Under Booker and Blakely, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756.

The question that frequently arises in cases alleging violation of the rules announced in either Booker or Blakely is, which case is relevant with respect to a defendant's right to the determination of facts beyond a reasonable doubt that are used to enhance sentences in a *federal* court? Because the Blakely Court specifically addressed the Washington State sentencing scheme, and because that decision specifically left open the application of the rule in Apprendi in the context of the Federal Sentencing Guidelines, courts have held that the applicable rule in the context of federal sentencing is found in Booker. See Lloyd v. United States, 407 F.3d 608, 611 n.1 (3rd Cir. 2005) (in context of challenges pursuant to section 2255, it is appropriate to refer to the "Booker rule").

It is well established law in the Ninth Circuit that the rule in Booker is not a watershed rule that may be applied retroactively on collateral review, but rather is a rule of procedure that may not be applied retroactively to cases where the judgment was final before the rule was announced. Schardt v. Payne, 414 F.3d 1025, 1036-1038 (9th Cir. 2005); see Lloyd, 407 F.3d at 611 n.1 ("It is the date on which Booker issued, rather than the date on which Blakely issued that is the 'appropriate dividing line'"). Thus, the threshold question is whether Petitioner's conviction became final before or after the decision in Booker issued.

In establishing the date of final judgment for purposes of application of the rule in Booker, the court applies the same calculation that is used to determine the date of final judgment for purposes of determining the running of the statute of limitations. See Lloyd, 407 F.3d at 612 (judgment is final upon expiration of time allowed to file petition for writ of

5

certiorari for purposes of applying rule in <u>Booker</u>).  As discussed above, Petitioner's conviction became final on June 16, 2004.  The rule in <u>Booker</u> was issued on January 12, 2005, about seven months after Petitioner's judgment became final.  Because " <u>Booker</u> is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of Booker's publication," <u>United States v. Cruz</u>, 423 F.3d 1119, 1121 (9th Cir. 2005), the court must find the rule in <u>Booker</u> does not apply in Petitioner's case.  Because the rule in <u>Booker</u> does not apply, Petitioner is not entitled to the determination by a jury of the amount of methamphetamine charged to him using the standard of beyond a reasonable doubt.  Petitioner's motion to vacate or correct his sentence on this ground will therefore be denied.

**III.  Ineffective Assistance of Counsel**

Petitioner alleges he received ineffective assistance of counsel on two occasions.  First, Petitioner alleges he received ineffective assistance when his attorney failed to raise an objection under <u>Apprendi</u> to the court's finding of fact with regard to the amount of methamphetamine charged to him for purposes of determine the guideline sentence.  Second, Petitioner alleges ineffective assistance when his attorney allowed Petitioner to waive an evidentiary hearing on the issue of whether Petitioner qualified for reduction of his sentence under the "safety valve" provisions of 18 U.S.C., section 3553(f)(1) through (5) and United States Sentencing Guidelines 5C1.2.

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. <u>United States v. Cochrane</u>, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." <u>Butcher v. Marquez</u>, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Strickland v. Washington</u>, 466

U.S. 668, 694 (1984).  A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one prong.  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  Id.  "A lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law."  Lowery v. Lewis, 21 F.3d 344346 (9th Cir. 1994).

### A. Failure to Enter Objection Under Apprendi

Petitioner's claim of ineffective assistance with respect to his attorney's failure to object to the amount of methamphetamine attributed to Petitioner on Apprendi grounds fails to satisfy either prong of Strickland.  Petitioner was sentenced on May 5, 2003.  At the time of Petitioner's sentencing, the Supreme Court's decision in Apprendi required that, in the context of a sentence imposed under *state* statute, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.  The Ninth Circuit's decision in United States v. Ameline, 376 F.3d 967 (9 Cir, 2004), which was the first Ninth Circuit decision to apply the holdings of Apprendi and Blakely to sentences imposed in federal court under the United States Sentencing Guidelines, was not decided until July 21, 2004, more than a year after Petitioner's sentencing hearing.  Further, authority existing at the time implied that the finding of facts that served to enhance sentences by judges using a preponderance of the evidence standard was constitutional.  See, e.g. Mistretta v. United States, 488 U.S. 361 (1989).  Thus, at the time of Petitioner's sentencing, the common practice of defendant counsel in this circuit did not include objection to judicial finding of facts that enhance sentences under the federal guidelines on grounds of either Apprendi or Blakely.  Courts in this circuit have declined to find ineffective assistance of counsel where defendant attorneys failed to anticipate Blakely, Ameline, or Booker and failed to object on Apprendi-related grounds to findings by judges of sentence enhancing facts using a preponderance of the evidence standard.  See, e.g., United States v. Piers, 2005 WL 2786079, *9

(D. Alaska 2005).

As to prejudice, under the Strickland test the petitioner has the burden of demonstrating that he suffered prejudice as a result of counsel's ineffective representation. It is instructive to note that in Ameline, the defendant objected at every opportunity to the amount of drug that was attributed to him in the presentence investigation report, and countered the allegations of amount set forth there with his own allegation that he actually possessed a lesser amount of the drug. Ameline, 376 F.3d at 370-371. Here, there is no similar allegation that Petitioner actually did not possess the amount of methamphetamine attributed to him or that some lesser amount should have been attributed. Where, as here, there is no record that Petitioner objected to the finding of amount of methamphetamine or proffered evidence or allegation that a lesser amount should be attributed to him, the court cannot find "there is a reasonable probability that the outcome would have been different as required under Strickland." United States v. Parker, 173 Fed.Appx. 582, 589 (9th Cir. 2006).

Because Petitioner's claim of ineffective assistance of counsel with respect to his allegation of violation of rights under Apprendi fails to satisfy either the incompetence or prejudice prongs of the Strickland test, Petitioner's motion to vacate his sentence pursuant to section 2255 will be denied.

### B. Ineffective Assistance Resulting in Waiver of Hearing for Safety Valve

Petitioner alleges he suffered ineffective assistance of counsel when his attorney failed to insist on an evidentiary hearing on the issue of whether or not Petitioner qualified for a downward departure under the safety valve provisions, and allowed Petitioner to waive such evidentiary hearing. In the PSR, the probation department reported that of the five criteria required for safety valve relief under 18 U.S.C., sections 3553(f)(1) through (5), Petitioner met the first four criteria but did not meet the fifth criterion because he failed to provide information pertaining to the offense prior to the sentencing hearing.

At the sentencing hearing, Petitioner's attorney represented to the court:

>I just want to make it clear for the record that Mr. Pano Cano does understand that he has a right to an evidentiary hearing as to whether or not he's met the provisions of the Safety Valve, and he wishes to proceed with sentencing today.

The court went then conducted the following colloquy:

>THE COURT:    Okay. All right. Mr. Pano Cano, then you understand, as your attorney has stated, you have a right to hearing on any issue relating to sentencing including the question of whether or not you qualify for any sentencing adjustments, including, in particular, the issue of whether or not you qualify for what's commonly referred to as the safety valve provision; do you understand that?
>
>THE DEFENDANT:    Yes.
>
>THE COURT:    And do you now waive that? It is up to you to have an evidentiary hearing, and it is my understanding that you wish to proceed with sentencing, is that correct?
>
>THE DEFENDANT:    Yes. Well, how much time would it take or what is it that I have to – what does that mean to go to a hearing?
>
>THE COURT:    Okay. That is an evidentiary hearing and there would be testimony – you would be testifying or you could testify if you wish to present evidence and witnesses. The Government would be presenting evidence and witnesses on any issue relating to your sentencing. That is, for example, any issue relating to the calculations of your total offense level, which is one of the factors that the Court considers in deciding what the ultimate sentence would be in this case.
>
>THE DEFENDANT:    No. That's fine.
>
>THE COURT:    Okay. So, it's my understanding that you wish to waive that right and proceed with sentencing today?
>
>THE DEFENDANT:    Yes, that's fine. Only that I would ask for your consideration – your consideration so that whatever amount of time is fair.

Petitioner alleges that, although his attorney represented Petitioner was aware of his right to an evidentiary hearing and although the court explained the right to Petitioner, Petitioner did not understand what the court was trying to explain and what his counsel tried to tell him about the hearing. Petitioner alleges he did not "understand that a hearing would be held in court to determine whether or not his statements to the Government were sufficient to qualify him for the Safety Valve, and instead [Petitioner] believed that a hearing meant that he had to be debriefed by the Government." Petitioner's amended motion at 8. Again, Petitioner's claim of ineffective

assistance of counsel fails to satisfy either the incompetence or prejudice prongs of the Strickland test.

First, the colloquy referenced by Petitioner simply does not present a picture of attorney incompetence.  Petitioner does not dispute the attorney's representation to the court that Petitioner told his attorney that he understood his right to an evidentiary hearing and desired to waive the hearing and proceed with sentencing.  Petitioner also stated in court that he understood and waived his right to an evidentiary hearing.  The record of the plea hearing presents no evidence Petitioner actually harbored the misunderstanding he now claims.  At most, the evidence presented to the court establishes that Petitioner's attorney was listening to his client.  Where, as here, there is no evidence contradicting a client's statement of understanding, an attorney cannot be held incompetent if he relies on his client's representations and proceed's according to his client's express wishes where it is not imprudent to do so.

Similarly, there is no evidence of prejudice.  Even if effective representation would have demanded that an evidentiary hearing be conducted, Petitioner does not allege any facts that would allow the court to conclude the result would have been different.  Petitioner alleges the PSR and the Government recommended against the safety valve because Petitioner had not given the Government full and honest information concerning the unlawful acts prior to the sentencing hearing.  Petitioner does not allege the information he gave the Government was, in fact, honest and complete.  Petitioner's sole contention is that he did not receive the benefit of an evidentiary hearing because his waiver was unknowing.  As above, without the allegation of facts that, if true, would indicate that the outcome of sentencing would have been different had there been an evidentiary hearing, the court must conclude Petitioner has failed to make the required showing of prejudice.

The court finds Petitioner has failed to demonstrate that he received ineffective assistance of counsel at his sentencing hearing.

THEREFORE, in consideration of the foregoing, it is hereby ordered that Petitioner's motion to submit an amended motion pursuant to section 2255 is GRANTED. Petitioner's motion to vacate, correct, or set aside his sentence pursuant to section 2255 is hereby DENIED. The clerk of the court shall CLOSE the case.

IT IS SO ORDERED.

**Dated:      September 13, 2006                /s/ Anthony W. Ishii          **
0m8i78                                    UNITED STATES DISTRICT JUDGE

11